FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANINE HUNDLEY LONG,<br><br>          Plaintiff,<br><br>v.<br><br>CHELAN COUNTY PUBLIC WORKS, ANDREW BRUNNER, ERIC PIERSON, and KEVIN & SANDRA L. BOWEN TRUST,<br><br>          Defendants. | No.   2:20-cv-00357-SMJ<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

      Before the Court is Plaintiff Jeanine Hundley's Pro Se Motion to Obtain Preliminary Injunction, ECF No. 9 (supplemented by ECF Nos. 10, 19). The Court previously denied injunctive relief with leave to renew. Plaintiff has supplemented the information contained in her Amended Complaint, ECF No. 4, and provided additional argument. ECF Nos. 9, 10, 19, 26 & 27. Defendants have also responded and attached declarations and exhibits. ECF Nos. 20–24. With this new information and a greater understanding of the situation surrounding the dispute, the Court again denies injunctive relief. The Court also grants Plaintiff's motion to expedite, ECF No. 45, but denies Plaintiff's Pro Se Motion for Reconsideration of Denial for Extension of Time, ECF No. 42.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 1

# BACKGROUND

Defendant Kevin & Sandra L. Bowen Trust ("the Bowens") applied for excavation and fill permits for the Pine Crest Place, a road which Plaintiff currently uses to access her home. *See* ECF No. 4 at 9; *see also* ECF Nos. 21-2, 21-3, 21-4 & 21-5. The Bowens obtained a road approach permit to construct a driveway to intersect with Pine Crest Place, as well as a Right of Way Use Agreement authorizing construction of a retaining wall. ECF Nos. 21-6. This case arises out of a dispute regarding the issuance of the permits.

Plaintiff filed an Amended Complaint which contained a request for a temporary restraining order restraining Defendants from "all excavation work or other changes on the existing driveway and access servicing 376 Pinecrest Place, Manson, WA until a Permanent Injunction can be heard on the merits." ECF No. 4 at 11. The Court denied the request for a temporary restraining order both because Plaintiff had not met requirements to order injunctive relief without notice and because Plaintiff did not show she was entitled to injunctive relief on the merits. ECF No. 5. The Court allowed Plaintiff to file another motion for injunctive relief which remedied the concerns addressed by the Court in its Order.[1] *Id.* Plaintiff filed

---

[1] The Chelan County Defendants argue that Plaintiff's motion should be denied as untimely. But the Court granted Plaintiff an extension on December 7, 2020. ECF No. 7 at 2.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 2

1  this motion. ECF No. 9. The Court denied Plaintiff's request for extension of time
2  to file contractor reports in support of her motion for injunctive relief. ECF No. 41.
3        In 1995, Plaintiff and Kenneth Long obtained a building permit with an
4  accompanying site plan for their residence at 376 Pinecrest Place, Manson, WA,
5  located in Chelan County. ECF No. 4 at 4; *see also* ECF No. 10-1 at 7, 9. The Longs
6  assert that they must grant permission for the Bowens to use Pine Crest Place as a
7  shared driveway, and that they have notified the Bowens, verbally and in writing,
8  that they have "alternate access by way of a county guard rail for a nominal fee plus
9  grading etc." ECF No. 4 at 9. But Defendants Chelan County Public Works,
10 Brunner, and Eric Pierson (together, "the Chelan County Defendants") have
11 provided evidence that the road at issue is a public county right-of-way. ECF No.
12 22-3 at 2. Plaintiff asserts that in 2019, Defendant Andrew Brunner told Plaintiff
13 and her son that the grade of the existing driveway was not up to the current county
14 code, but that it was "grandfathered in." ECF No. 4 at 4–5. Defendant Brunner
15 denies saying this. ECF No. 23 at 2.
16       Plaintiffs assert that "[b]y allowing access past the Long family property[,]
17 vehicular traffic would pass within three (3) inches of Long family vehicles parked
18 on their private property." ECF No. 4 at 6. This would include wide vehicles like
19 construction vehicles, delivery vehicles, and service vehicles. *Id.* Plaintiff asserts
20 that the drawings submitted to Chelan County Public Works by the Bowens "call

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 3

for fill (excavation) beginning at the point where the Long's existing driveway joins the county road extending level for 20 feet then descending down toward the Longs [sic] existing access and pad." *Id.* at 7. She also asserts that they project will prevent her from parking on the road. ECF No. 10 at 7.

Plaintiff adds that the drawing "does not sufficiently present elevation callouts or the grade of the driveway but based on a best effort interpretation of the drawing, it does present an elevation height difference of two feet for the proposed drive and the Longs [sic] existing pad." ECF No. 4 at 8. Plaintiff argues that these changes "indicate[] that surface water drainage would be directed onto the Long family's access and pad thus presenting potential for damage to home and property." *Id.* She attaches a letter written by her son-in-law, Samuel R. Schuyler, a grade 5 engineer with "experience in roadway design and construction, site development and surveying" that states he "reviewed the [Bowen Excavation Plan] and walked the site associated with the drawing." ECF No. 10-1 at 5. He opines that the Bowen Excavation Plan "does not provide sufficient detail to determine the effects of the proposed work . . . it appears that surface water will be channeled to Jeanine Long's private property." *Id.* He stated his recommendation that Plaintiff "hire a licensed civil engineer experienced with surface water drainage and containment." *Id.* Defendant Eric Pierson, the Chelan County Engineer and Chelan County Public Work Director, reviewed the road approach and determined that the

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 4

planned changes will not change the existing slope in front of the Long property, except that North of the existing access point will be *lowered*. ECF No. 21 at 3. He notes that fifteen feet of Pine Crest Place will be cut for the approach and will have negligible effects on storm water. *Id.*

Plaintiff further asserts that the Bowen excavation drawing does not include sufficient detail to determine that the demarcated "sight distance triangle" satisfies the "development code." ECF No. 10 at 3 (citing Chelan Cnty. Code § 15.30.330(3)(G)). Nor, they argue, does it include an "[a]pproved turnaround feature." ECF No. 10 at 4 (citing Chelan Cnty. Code § 15.30.340(1)).

Based on their review of the Bowens' applications, Defendants Pierson and Brunner determined that they were complete and compliant and authorized the issuance of the permit. ECF No. 21 at 3–4; ECF No. 23 at 3. They assert that on a more probable than not engineering basis, the Bowens' work will not create any irreparable damage to the Long property. *Id.*

## MOTION FOR RECONSIDERATION

This Court will relieve a party from an order only for limited reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The circumstances here do not satisfy this narrow standard. Courts consider four factors to determine whether neglect is excusable: "(1) the danger of prejudice

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 5

to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (discussing *Pioneer Inv. Servs. v. Brunswick Assoc. Ltds. P'Ship*, 507 U.S. 380, 395 (1993)).

Plaintiff repeatedly failed to comply with the local rules and the Court's order. *See* ECF No. 41. Weeks of further delay will prejudice Defendants, especially the Bowens, because this lawsuit is affecting its ability to complete the excavation project. *See* ECF No. 42 at 1; ECF No. 25 at 4. Although the Court recognizes the difficulty in obtaining a contractor, Plaintiff has known of this delay for months, and yet pushed forward with this action. *See, e.g.*, ECF No. 9. And because the Court denies the motion for preliminary injunction on several grounds, it is unlikely that consideration of the contractor reports would change its ruling. *See infra.* The Court thus denies Plaintiff's motion for reconsideration, ECF No. 42, and but grants the related motion to expedite, ECF No. 45.

## PRELIMINARY INJUNCTION

**A.    Legal Standard**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 20; *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 6

1131–32 (9th Cir. 2011).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. 7 at 20 (2008). "[P]laintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *All. for the Wild Rockies*, 632 F.3d at 1131 (emphasis in original).

Even so, the Ninth Circuit employs a "sliding scale approach." *Id*. Under that approach, "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id*. Thus, "a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Id.* (alterations in original) (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)). "The 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test." *Id*. at 1131–32.

**B.  Plaintiff did not properly serve Defendants with the motion for preliminary injunction**

There is no dispute that Defendants have actual notice of this action and for the motion for preliminary injunction. Indeed, they have responded. *See* ECF Nos.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 7

20, 24. Nevertheless, Plaintiff has failed to comply with the Local and Federal Rules regarding service. She cannot rely on happenstance to provide Defendants with notice. *See* Fed. R. Civ. P. 4, 5; LCivR 5(b).

Plaintiff states that she served Defendant Pierson on December 3, 2020. ECF No. 10 at 1; *see also* ECF No. 10-1 at 3. She was unable to serve the other Defendants. ECF No. 10 at 1; ECF No. 10-1 at 1–2. Chelan County Defendants state that the service they received included only the original Complaint, ECF No. 1, and not the Amended Complaint, ECF No. 5, or the motion for preliminary injunction, ECF Nos. 9, 10. Robert W. Sealby did not appear for Chelan County Defendants until December 16, 2020, ECF No. 11, and Brian A. Walker did not appear for the Bowens until December 17, 2020, ECF No. 12, seven and eight days, respectively, after Plaintiff moved for a preliminary injunction, ECF No. 9. Defendants thus had not registered with ECF at that time and thus still needed to be properly served. LCivR 5(b). Plaintiff argues that her Pro Se Amended Response to ECF No. 10, ECF No. 19, filed on January 8, 2021,[2] was electronically served on all parties. *See* ECF No. 27 at 1; *see also* Fed. R. Civ. P. 5(b)(2)(E); LCivR 5(b). But *even if* Defendants had consented to electronic service by registering with the

---

[2] Plaintiff should have sought leave of the Court before making additional filings on her motion. *See* LCivR 7(b)–(d). Because Plaintiff proceeds *pro se*, the Court will nonetheless consider the additional finding to the extent it relates to Plaintiff's preliminary injunction motion. But the Court again admonishes Plaintiff to follow the Local and Federal Civil Rules in the future. *See* LCivR 7(e), 83.3(a).

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 8

Court's electronic filing system, Plaintiff's filing did not include a certificate of service as required. LCivR 5(d); *see also* ECF No. 19.

Although Plaintiff could remedy any deficiency in service of the motion, because the motion also substantively fails, the Court denies the motion without leave to renew.

**C.     Plaintiff has not remedied the deficiencies in her request for injunctive relief**

   **1.     Likelihood of Success on the Merits**

      **a.     Procedural Due Process**

As the Court stated in its previous Order, the Due Process Clause of the Fourteenth Amendment "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).[3]

Courts first inquire as to whether "there exists a liberty or property interest of which a person has been deprived." *Zerezghi v. United States Citizenship & Immigration Servs.*, 955 F.3d 802, 808 (9th Cir. 2020) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Property interests are not created by the Constitution

---

[3] Plaintiff fails to allege a state action as required by the Fourteenth Amendment Due Process Clause. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The Court thus cannot directly enjoin the Bowens under a procedural due process theory as Plaintiff requests. *See* ECF No. 19 at 2. Even if a state action does exist, the Court will not enjoin the Bowens for all the reasons discussed in this Order.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 9

but 'by existing rules or understandings that stem from an independent source of state law.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

If a liberty or property interest exists, courts determine if "the procedures followed by the government were constitutionally sufficient." *Zerezghi*, 955 F.3d at 808 (citing *Swarthout*, 562 U.S. at 219). Three factors guide the analysis:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Plaintiff asserts allowing the excavation will result in a loss of property.[4] If the Bowens have access to a shared driveway, Plaintiff argues she will lose the exclusive right of access to the existing driveway. She also asserts that the excavation work will cause water damage to her home and that close-passing vehicles may damage her own cars. None of these purported interests entitle Plaintiff to injunctive relief.

//

---

[4] Plaintiff also argues a loss of liberty. ECF No. 4 at 3. The complaint does not allege facts that give rise to the deprivation of a liberty interest. *See generally id.*

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 10

> i. *No property interest in use of the driveway or supposed right to refuse consent to shared driveway*

The road at issue in this case, Pine Crest Place, is a county-owned right-of-way.[5] ECF No. 22-3 at 2. The plat, recorded in 1968, dedicates the right-of-way for public use. *Id.*; *see also* Wash. Rev. Code § 58.08.015. Plaintiff thus has no authority to exercise control over the use of the right-of-way, including parking. The documentation provided by Plaintiff, including copies of the original Long parking plan and permit approved by the County in 1995 and a page purportedly from the Chelan County Code in force in 1995, does not change this. ECF No. 10-1 at 7–9. The rights granted to Plaintiff under the 1995 permit remain unencumbered. *See id.*; *see also* ECF Nos. 21–23. Plaintiff, the Bowens, and the public at large may access the county right-of-way so long as the county permits them to do so. And Chelan County had the legal authority to issue a road approach permit to Bowen off of Pine Crest Place—even if the Bowens have alternative access to their property. *See* Wash. Rev. Code § 36.75.130(1); Chelan Cnty. Code § 8.60.020(1). Plaintiff has thus failed to assert a valid property interest.

//

---

[5] Much of Plaintiff's argument is thus inapposite. The *public* right-of-way at issue is not a driveway, which is defined as "a *private* access way serving between one and four residential dwelling units or commercial property." Chelan Cnty. Code § 15.30.160. Instead, Plaintiff merely uses the county right-of-way to access her home. ECF No. 23 at 2.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 11

> ii. *No due process violation regarding damage to Plaintiff's home and vehicles*

Plaintiff does have a property interest in her home and other items that the excavation could damage, particularly through runoff water damage—if such damage does in fact occur. This would result in a deprivation of property. But Plaintiff has still not shown that the water damage is likely to occur. *See infra* Section B.2. Without a showing of likely deprivation, Plaintiff cannot prevail on her due process claims.

Nor can she succeed under the *Mathews* factors. The property interests here—Plaintiff's home and cars—are of substantial value. Significant damage to that property would create a significant hardship and monetary burden to Plaintiff—again, if they actually occurred. The first factor, then, weighs in favor of Plaintiff.

But there is little risk of erroneous deprivation. The process of obtaining a permit serves to protect Plaintiff's interests. The Chelan County permitting process requires applicants to submit a property site map drawing and to abide by industry standards and applicable federal, state, and county laws, regulations, and codes. Chelan County Public Works Department, *Application* (last accessed November 2, 2020) https://www.co.chelan.wa.us/files/public-works/documents/development/Driveway%20Application%20Next%20Steps_full%20version.pdf. Applicants must obtain all environmental, structural, or other permits required by law, code, or

regulation through the applicable agencies. *Id.* After applying, a Chelan County Public Works inspector must inspect the location. *Id.* And once the applicant has completed the work, they must request a final inspection. *Id.*

Chelan County Defendants reviewed the Bowens' application according to the required county procedures. *See* ECF Nos. 21–23. Plaintiff admits in her complaint that Defendants took an engineering report, even if it did not satisfy her uncertainties. ECF No. 4 at 8. True, this process does not allow Chelan County Public Works to hear Plaintiff's concerns, since she is not the applicant, but it provides protection against safety and ecological issues like the ones Plaintiff fears. The permitting process appears to offer meaningful consideration of the compliance of the Bowens' planned project. And as Plaintiff points out, existing case law could entitle her to monetary recovery if the project *does* result in damage. *See, e.g., Burton v. Douglas County*, 539 P.2d 97 (Wash. App. 1975).

Finally, Chelan County Public Works has an interest in the efficient resolution of permitting requests. While it must ensure that the permits it grants are safe and consistent, it also cannot consider every neighborly dispute when granting permits. Overall, weighing the *Mathews* factors, given the facts as stated in the complaint, the Court concludes that Plaintiff is unlikely to prevail on a due process claim under this asserted property right.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 13

Even with the additional information provided by Plaintiff, she has not set forth facts in her motion for injunctive relief sufficient to show a likelihood that she will succeed on the merits of her procedural due process claim.

### b. Lawful Nonconforming Use

Plaintiff also likely will not succeed on the merits of her lawful, nonconforming use claim. Washington State law defines nonconforming use as "a use which lawfully existed prior to the enactment of a zoning ordinance or resolution, and which is maintained after the effective date of the ordinance or resolution, although it does not comply with the use restrictions applicable to the area in which it is situated." *Andrew v. King Cnty.*, 586 P.2d 509, 513 (Wash. App. 1978).

"Nonconforming uses are not favored in law." *Andrew*, 586 P.2d at 570 (citing *Keller v. Bellingham*, 578 P.2d 881, 886 (Wash. App. 1978)). The use must lawfully exist at the date specified in the zoning code and the use must not be abandoned for a year or more. *Andrew*, 586 P.2d at 570–571. But this rule does not apply in this case. Defendants are not preventing Plaintiff from using the right-of-way. Instead, the new code has merely relaxed the standard required to permit shared access to the driveway. The code in force in 1995 contemplated the use of the land as a shared driveway. As a result, Plaintiffs argument likely fails.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 14

Nor can Plaintiff prevail on a construed adverse possession claim. In Washington State, lands owned in fee by a governmental entity are not subject to adverse possession. Wash. Rev. Code § 7.28.090; *see also Mueller v. Seattle*, 8 P.2d 994, 997 (Wash. 1932) (holding a public street is held by a municipality in its governmental capacity and thus unobtainable through adverse possession).

This factor thus weighs in favor of Defendant.

### 2. Irreparable Harm

The Bowen's excavation will occur only on county land directly abutting Plaintiff's property. The only possible irreparable damage to Plaintiff's property asserted by Plaintiff arises from the water damage or damage caused by construction and other vehicles.

Plaintiff attaches a notarized letter from her son-in-law, Samuel R. Schuyler stating that "it appears that surface water will be channeled to Jeanine Long's private property." ECF No. 10-1 at 5. But that speculative assertion admittedly does not come from "a licensed civil engineer experienced with surface water drainage and containment." *Id.* Plaintiff did not timely file a report from such an expert.

Even if there is a risk of damage to Plaintiff's vehicles, such risk can be mitigated by preventative measures. And any actual damages could be offset by monetary recovery. *See, e.g.*, *Burton v. Douglas County*, 539 P.2d 97 (Wash. App. 1975).

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION – 15

The Court thus cannot determine that there is a likelihood, not just a possibility, of irreparable harm to Plaintiff's property. *See All. for the Wild Rockies*, 632 F.3d at 1131. This factor thus weighs in favor of Defendant.

### 3. Balance of Hardships and Public Interest

The Supreme Court has recognized that courts must "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987). Plaintiffs have alleged that the Bowens have alternative means of accessing their property, alleviating the burden a delay would cause. But if the Court required the Bowens to pay for an engineering study to access the danger of water damage, that would constitute on monetary hardship on the Bowens. The Bowens assert that, if enjoined, they will lose approximately $50,000, including money spent on permits, surveys, engineering, and labor. ECF No. 25 at 4. They also speculate that the value of the property will likely decrease. *Id.* Finally, they claim this lawsuit has already caused a significant delay to the project, because the contractors were unwilling to risk potential liability, and then the weather became too cold. *Id.* Because the hardships to the Bowens are more concrete than the speculative hardships to Plaintiff, this factor weighs in favor of Defendants.

Finally, this Court considers "whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell–Jolly*, 572 F.3d 644, 659 (9th Cir. 2009). The public has an interest in safe excavation projects and safe roads. It also has an interest in consistent enforcement of the Chelan County Development Standards. But allowing a single property owner to control the use of a *public* county road runs counter to the public interest. Public interest favors community access to the road. And the public has an interest in a clear and accessible permitting system. This factor slightly favors Defendants.

## CONCLUSION

Plaintiff has not shown that Chelan County Defendants improperly allowed the Bowens to work on the county right-of-way designated for public use. Even if she could provide evidence of the harm she fears, she has not shown that Defendants violated her Due Process rights. *None* of the preliminary injunction factors weigh in her favor. The Court thus denies injunctive relief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to expedite her motion for reconsideration, **ECF No. 45**, is **GRANTED**.

2. Plaintiff's Pro Se Motion for Reconsideration of Denial For Extension of Time, **ECF No. 42**, is **DENIED**.

3.  Plaintiff's Pro Se Motion to Obtain Preliminary Injunction, **ECF No. 9**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 16th day of February 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge