FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANINE HUNDLEY LONG,<br><br>Plaintiff,<br><br>v.<br><br>CHELAN COUNTY PUBLIC WORKS, ANDREW BRUNNER, ERIC PIERSON, and KEVIN & SANDRA L. BOWEN TRUST,<br><br>Defendants. | No.   2:20-cv-00357-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court are Defendants Chelan County Public Works, Brunner, and Pierson's ("the Chelan County Defendants") Motion to Dismiss, ECF No. 53, the Bowen Trust's Joinder to Motion to Dismiss Plaintiff's Claims, ECF No. 57, and Plaintiff's Motion in Opposition to Defendants Motion to Dismiss, ECF No. 58. As explained below, the Court denies each motion.

## BACKGROUND

Defendant Kevin & Sandra L. Bowen Trust ("the Bowens") applied for excavation and fill permits for the Pine Crest Place, a road which Plaintiff currently uses to access her home. *See* ECF No. 4 at 9; *see also* ECF Nos. 21-2, 21-3, 21-4 & 21-5. The Bowens obtained a road approach permit to construct a

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 1

driveway to intersect with Pine Crest Place, as well as a Right of Way Use Agreement authorizing construction of a retaining wall. ECF No. 21-6. This case arises out of a dispute regarding the issuance of the permits.

Plaintiff filed an Amended Complaint that contained a request for a temporary restraining order restraining Defendants from "all excavation work or other changes on the existing driveway and access servicing 376 Pinecrest Place, Manson, WA until a Permanent Injunction can be heard on the merits." ECF No. 4 at 11. The Court denied the request for a temporary restraining order both because Plaintiff had not met requirements to order injunctive relief without notice and because Plaintiff did not show she was entitled to injunctive relief on the merits. ECF No. 5. The Court allowed Plaintiff to file another motion for injunctive relief. *Id.*; *see also* ECF No. 9. The Court denied Plaintiff's request for extension of time to file contractor reports in support of her motion for injunctive relief and denied the injunction. ECF Nos. 41, 46.

## DISCUSSION

**A.    Chelan County Defendants' Motion to Dismiss**

    **1.    Plaintiff did not have to file a Notice of Claim**

The Chelan County Defendants argue that Plaintiff's action is barred because she has not filed a Notice of Claim with Chelan County. ECF No. 54 at 5. Under Washington state law, "[f]iling a claim for damages within the time

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 2

allowed by law shall be a condition precedent to the commencement of any action claiming damages." Wash. Rev. Code § 4.96.010(1). Section 4.96.020 and Chelan County Code Chapter 1.390 set out the procedures for filing a Notice of Claim, including a requirement that a claimant wait at least sixty days after filing a Notice of Claim to commence a lawsuit, and specifying that claimants shall file with the Chelan County Auditor.

Although the Chelan County Defendants argue that Plaintiff asserts a claim for damages, her Amended Complaint only seeks injunctive relief. *See* ECF No. 4 at 11. Plaintiff contends that Defendants actions will *cause* irreparable damages, but she does not request monetary relief, i.e., damages. *Cf. Hintz v. Kitsap Cnty.*, 960 P.2d 946 (Wash. Ct. App. 1998). This action is therefore not subject to the requirements of Section 4.96.010.[1]

2. **Plaintiff did not properly serve Chelan County Defendants**

    a. **Service**

Under Federal Rule of Civil Procedure 4, Plaintiff may serve Defendant Chelan County Public Works with a summons and complaint by serving the chief executive officer or in a manner prescribed by Washington state law. Fed. R. Civ.

---

[1] Plaintiff reserved the right to assert damages at a later time. ECF No. 19 at 4. Such an amendment to her claims may subject her to the requirements of Section 4.96.010. *But see Kral v. King Cnty.*, No. C10-1360-MAT, 2012 U.S. Dist. LEXIS 29883, at *22–23 (W.D. Wash. March 6, 2012). The Court need not—and cannot—decide the issue here.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 3

P. 4(j)(2). Washington state law allows service of a local government entity by serving the county auditor. Wash. Rev. Code § 4.28.080(1). And Plaintiff may serve Defendants Pierson and Brunner through personal service or by leaving a copy of the summons and complaint at their dwelling or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e); Wash. Rev. Code § 4.28.080(16). She must also file proof of service, such as an executed summons, for each Defendant. Fed. R. Civ. P. 4(l); LCivR 4(l).

Plaintiff has not properly served her Amended Complaint. Because no Defendant had appeared at the time that Plaintiff filed the original Complaint and the Amended Complaint, electronic filing did not constitute service. *See* LCivR 5(b) ("The "Notice of Electronic Filing" that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on filing users. Parties who are not filing users must be served—in accordance with the Federal Rules of Civil Procedure—with a paper copy of any pleading, notice, or other document filed electronically.").

And the personal service attempted by Plaintiff was insufficient. Defendant Pierson was personally served with Plaintiff's *original* Complaint and a summons on December 3, 2020. ECF No. 19-1 at 3; *see also* ECF No. 10 at 1; ECF No. 21 at 2. Defendant Brunner was personally served with the original Complaint and a summons on December 8, 2020. *See* ECF No. 15 at 7; ECF No. 23 at 2. Neither

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 4

has been served with Plaintiff's Amended Complaint, despite Plaintiff having filed in on October 30, 2020, before she had served any Defendant. ECF No. 4. *See* ECF No. 21 at 2; ECF No. 23 at 2; *see also Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (explaining an amended complaint supersedes the original complaint and renders it without legal effect). Plaintiff tried to "drop serve" Defendant Chelan County Public Works by leaving the original complaint at the Chelan County Public Works front desk. ECF No. 10 at 2; ECF No. 15 at 8–9. Defendant Pierson also refused to accept service on behalf of Chelan County Public Works. ECF No. 19-1 at 1. Plaintiff has not yet served Chelan County Public Works with any summons or complaint in accordance with the rules. *See generally* Fed. R. Civ. P. 4; LCivR 4.

Therefore, no Chelan County Defendant has been properly served with the Amended Complaint or summons. *See, e.g.*, *Mann v. Am. Airlines*, 324 F.3d 1088, 1089 (9th Cir. 2003).

### b. The Court grants Plaintiff a final opportunity to complete service

Unless a plaintiff shows good cause for her failure, the local and federal civil rules require this Court to dismiss a Complaint if a plaintiff does not properly serve defendants with a summons within ninety days of filing. Fed. R. Civ. P. 4(m); LCivR 4(m). The Court cannot find any support for Plaintiff's allegations

that the Chelan County Defendants have improperly impeded service. *See* ECF No. 58 at 2. Defendants have a right to insist that Plaintiff serve them in accord with the law; there is no evidence that Plaintiff has requested that Defendants waive service. Fed. R. Civ. P. 4(d).

Nevertheless, the Court appreciates the heightened difficulty in completing service that COVID-19 presents, due to stay-at-home orders and other factors. *See* ECF No. 19-1 at 2 (Plaintiff could not personally serve Defendant Brunner because he was not in the office due to COVID restrictions). The Court thus grants Plaintiff one final thirty-day period within which to properly serve Defendants and file appropriate proof of service with the Court. *See* Fed. R. Civ. P. 4, 5; LCivR 4, 5. The Court will not grant Plaintiff any further leave absent extraordinary and unforeseeable circumstances.

**B.    Bowen Trust's Motion to Join**

The Bowen Trust also asks the Court to dismiss the claims against it. If the Court dismisses the Chelan County Defendants from this action, it argues, it does not retain supplemental jurisdiction over the Bowen Trust. ECF No. 57 at 1. Because the Court does not dismiss the Chelan County Defendants, the Bowen Trust's motion is denied with leave to renew.

//

//

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 6

C.  **Plaintiff's Response, ECF Nos. 58 and 59**

Finally, Plaintiff's response contains several arguments concerning the merits of her claims, which are outside the scope of the arguments. ECF No. 58 at 5–7; ECF No. 59 at 3–6. The Court thus does not address those additional arguments in this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants Chelan County Public Works, Brunner, and Pierson's Motion to Dismiss, **ECF No. 53**, is **DENIED WITH LEAVE TO RENEW**.

2. The Bowen Trust's Joinder to Motion to Dismiss Plaintiff's Claims, **ECF No. 57**, is **DENIED WITH LEAVE TO RENEW**.

3. Plaintiff's Motion in Opposition to Defendants Motion to Dismiss, **ECF No. 58**, is **DENIED AS MOOT**.

4. Plaintiff shall properly serve all Defendants with a summons and the Amended Complaint **by no later than thirty days from the date of this Order**.

    A. Plaintiff must file proper proof of service for each Defendant. Such filings shall contain *only* the proof of service and shall be titled "Proof of Service as to X Defendant."

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 7

      **B.**    If Plaintiff fails to properly serve any Defendant within thirty days, that Defendant may renew their motion to dismiss at that time.

      **C.**    If the Court dismisses Chelan County Defendants, the Bowen Trust may renew its motion to dismiss at that time.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 24th day of May 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS – 8