FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 25, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEANINE HUNDLEY LONG,<br><br>    Plaintiff,<br><br>    v.<br><br>CHELAN COUNTY PUBLIC WORKS, ANDREW BRUNNER, ERIC PIERSON, and KEVIN & SANDRA L. BOWEN TRUST,<br><br>    Defendants. | No.  2:20-cv-00357-SMJ<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants Chelan County Public Works, Andrew Brunner, and Eric Pierson's Motion for Summary Judgment to Dismiss Plaintiff's Claims, ECF No. 87, in which Defendant Kevin & Sandra L. Bowen Trust join, ECF No. 91. After review of the motion and the file, the Court is fully informed and grants the motion.

**BACKGROUND**

Plaintiff is neighbors with Kevin and Sandra Bowen. Defendant Kevin & Sandra L. Bowen Trust ("the Bowens") applied for excavation and fill permits for the Pine Crest Place, a road which runs adjacent to Plaintiff's and the Bowen's property and which Plaintiff currently uses to access her home. *See* ECF No. 4 at 9;

ORDER GRANTING SUMMARY JUDGMENT – 1

*see also* ECF Nos. 21-2, 21-3, 21-4, 21-5. The Bowens obtained a road approach permit to construct a driveway to intersect with Pine Crest Place, as well as a Right of Way Use Agreement authorizing construction of a retaining wall. ECF Nos. 21-3, 21-6. This case arises out of a dispute regarding the issuance of the permits.

Plaintiff, in her Amended Complaint, claims (1) deprivation of procedural due process rights stemming from the issuance of the permits to the Bowens, depriving Plaintiff of her non-conforming property rights, (2) irreparable damage to Plaintiff's property stemming from stormwater drainage damage caused by slope change during excavation of the Trust road approach or vehicle damage caused by construction and other vehicles, and (3) that Plaintiff must grant permission for the Bowens or members of the public to use Pine Crest Place. ECF No. 4 at 11–12.

In 1995, Plaintiff and Kenneth Long obtained a building permit with an accompanying site plan for their residence at 376 Pinecrest Place, Manson, WA, located in Chelan County. ECF No. 4 at 4; *see also* ECF No. 10-1 at 7, 9. The Longs assert that they must grant permission for the Bowens to use Pine Crest Place as a shared driveway, and that they have notified the Bowens, verbally and in writing, that the Bowens have "alternate access by way of a county guard rail for a nominal fee plus grading etc." ECF No. 4 at 9. But Defendants have provided ample evidence that the road at issue is a public county right-of-way. *See, e.g.*, ECF No. 22-3 at 2.

ORDER GRANTING SUMMARY JUDGMENT – 2

Plaintiffs assert that "[b]y allowing access past the Long family property[,] vehicular traffic would pass within three (3) inches of Long family vehicles parked on their private property." ECF No. 4 at 6. This would include wide vehicles like construction vehicles, delivery vehicles, and service vehicles. *Id.* Plaintiff asserts that the drawings submitted to Chelan County Public Works by the Bowens "call for fill (excavation) beginning at the point where the Long's existing driveway joins the county road extending level for 20 feet then descending down toward the Longs [sic] existing access and pad." *Id.* at 7. Plaintiff also asserts that the project will prevent her from parking on the road. ECF No. 10 at 7.

Plaintiff adds that the drawing "does not sufficiently present elevation callouts or the grade of the driveway but based on a best effort interpretation of the drawing, it does present an elevation height difference of two feet for the proposed drive and the Longs [sic] existing pad." ECF No. 4 at 8. Plaintiff argues that these changes "indicate[] that surface water drainage would be directed onto the Long family's access and pad thus presenting potential for damage to home and property." *Id.* She attaches a letter written by her son-in-law, Samuel R. Schuyler, a grade 5 engineer with "experience in roadway design and construction, site development and surveying" that states he "reviewed the [Bowen Excavation Plan] and walked the site associated with the drawing." ECF No. 10-1 at 5. He opines that the Bowen Excavation Plan "does not provide sufficient detail to determine the

ORDER GRANTING SUMMARY JUDGMENT – 3

effects of the proposed work . . . it appears that surface water will be channeled to Jeanine Long's private property." *Id.* He stated his recommendation that Plaintiff "hire a licensed civil engineer experienced with surface water drainage and containment." *Id.* Defendant Eric Pierson, the Chelan County Engineer and Chelan County Public Work Director, reviewed the road approach and determined that the planned changes will not change the existing slope in front of the Long property, except that North of the existing access point will be *lowered*. ECF No. 21 at 3. He notes that fifteen feet of Pine Crest Place will be cut for the approach and will have negligible effects on storm water. *Id.* In the end, Plaintiff failed to submit any expert reports beyond the letter submitted by her son-in-law.

Plaintiff further asserts that the Bowen excavation drawing does not include sufficient detail to determine that the demarcated "sight distance triangle" satisfies the "development code." ECF No. 10 at 3 (citing Chelan Cnty. Code § 15.30.330(3)(G)). Nor, she argues, does it include an "[a]pproved turnaround feature." ECF No. 10 at 4 (citing Chelan Cnty. Code § 15.30.340(1)).

Based on their review of the Bowens' applications, Defendants Pierson and Brunner determined that they were complete and compliant and authorized the issuance of the permit. ECF No. 21 at 3–4; ECF No. 23 at 3. They assert that on a more probable than not engineering basis, the Bowens' work will not create any irreparable damage to the Long property. *Id.*

ORDER GRANTING SUMMARY JUDGMENT – 4

The Court twice denied Plaintiff's motions for preliminary injunctive relief. ECF Nos. 5, 46. The Court then denied Defendants' Motions to Dismiss based on Plaintiff's failure to file a Notice of Claim and properly serve certain defendants. ECF No. 67. Later, Defendants moved for summary judgment on all claims. ECF Nos. 87, 91. That motion is now before the Court.

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden of showing no genuine dispute of material fact exists because a reasonable jury could not find in favor of the nonmoving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 n.10, 587 (1986). If the moving party makes this showing, the nonmoving party then bears the burden of showing a genuine dispute of material fact exists because reasonable minds could differ on the result. *See Anderson*, 477 U.S. at 248–51; *Matsushita Elec. Indus.*, 475 U.S. at 586–87.

ORDER GRANTING SUMMARY JUDGMENT – 5

The nonmoving party may not rest upon the mere allegations or denials of its pleading and must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires trial resolution. *See Anderson*, 477 U.S. at 248–49. The Court must enter summary judgment against the nonmoving party if it fails to make a showing sufficient to establish an element essential to its case and on which it would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 322.

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.*

### DISCUSSION

**A.    Procedural Due Process**

As the Court stated in its previous orders, the Due Process Clause of the Fourteenth Amendment "imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

//

Courts first inquire as to whether "there exists a liberty or property interest of which a person has been deprived." *Zerezghi v. United States Citizenship & Immigration Servs.*, 955 F.3d 802, 808 (9th Cir. 2020) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). "Property interests are not created by the Constitution but 'by existing rules or understandings that stem from an independent source of state law.'" *Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

If a liberty or property interest exists, courts determine if "the procedures followed by the government were constitutionally sufficient." *Zerezghi*, 955 F.3d at 808 (citing *Swarthout*, 562 U.S. at 219). Three factors guide the analysis:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Plaintiff asserts allowing the excavation will result in a loss of property.[1] If the Bowens have access to a shared driveway, Plaintiff argues she will lose the exclusive right of access to the existing driveway. She also asserts that the

---

[1] Plaintiff also argues a loss of liberty. ECF No. 4 at 3. But the complaint does not allege facts that give rise to the deprivation of a liberty interest. *See generally id.*

ORDER GRANTING SUMMARY JUDGMENT – 7

excavation work will cause water damage to her home and that close-passing vehicles may damage her vehicles. On each theory, Defendants are entitled to summary judgment.

### 1. No property interest in use of the driveway or supposed right to refuse consent to shared driveway

The road at issue in this case, Pine Crest Place, is a county-owned right-of-way.[2] ECF No. 22-3 at 2. The plat, recorded in 1968, dedicates the right-of-way for public use. *Id.*; *see also* Wash. Rev. Code § 58.08.015.[3] Plaintiff thus has no authority to exercise control over the use of the right-of-way, including control over parking. The documentation provided by Plaintiff, including copies of the original Long parking plan and permit approved by the County in 1995 and a page purportedly from the Chelan County Code in force in 1995, does not change this. *See* ECF No. 10-1 at 7–9. The rights granted to Plaintiff under the 1995 permit remain unencumbered. *See id.*; *see also* ECF Nos. 21–23. Plaintiff, the Bowens, and the public at large may access the county right-of-way so long as the county permits

---

[2] Much of Plaintiff's argument is thus inapposite. The *public* right-of-way at issue is not a driveway, which is defined as "a *private* access way serving between one and four residential dwelling units or commercial property." Chelan Cnty. Code § 15.30.160. Instead, Plaintiff merely uses the county right-of-way to access her home. ECF No. 23 at 2.

[3] Despite Plaintiff's argument in her reply that the plat is not an accurate depiction of the property boundaries or the boundaries of Pine Crest Place, ECF No. 96 at 3–4, Plaintiff has presented no evidence in support of this argument, and the Court finds ample support for the proposition that Pine Crest Place, as platted, is a county right-of-way, *see* ECF Nos. 22-3, 101 at 6–8.

ORDER GRANTING SUMMARY JUDGMENT – 8

them to do so. And Chelan County had the legal authority to issue a road approach permit to the Bowens off of Pine Crest Place—even if the Bowens have alternative access to their property. *See* Wash. Rev. Code § 36.75.130(1); Chelan Cnty. Code § 8.60.020(1). Plaintiff has thus failed to create a genuine dispute of material fact as to whether she has a valid property interest.

    2.    **No due process violation regarding damage to Plaintiff's home and vehicles**

Plaintiff does have a property interest in her home and other items that the excavation could damage, particularly through runoff water damage—if such damage does in fact occur. This would result in a deprivation of property. But Plaintiff has still not shown that there is a dispute of material fact regarding the possible water damage. As explained, Defendant provided evidence that the Chelan County Defendants reviewed the Bowen's permit applications for compliance with County regulations, including those for stormwater runoff, ECF No. 23, whereas Plaintiff has failed to submit almost any evidence to support her claims, despite her son-in-law's recommendation that she "hire a licensed civil engineer experienced with surface water drainage and containment." ECF No. 10-1 at 5. Without a showing of likely deprivation, Plaintiff cannot prevail on her due process claims.

Nor can she succeed under the *Mathews* factors. The property interests here—Plaintiff's home and cars—are of substantial value. Significant damage to

that property would create a significant hardship and monetary burden to Plaintiff—again, if it actually occurred. The first factor, then, weighs in favor of Plaintiff.

But there is little risk of erroneous deprivation. The process of obtaining a permit serves to protect Plaintiff's interests. The Chelan County permitting process requires applicants to submit a property site map drawing and to abide by industry standards and applicable federal, state, and county laws, regulations, and codes. Chelan County Public Works Department, *Application* (last accessed July 22, 2022) https://www.co.chelan.wa.us/files/public-works/documents/addressing/Address ApproachApplication_Feb%202022.pdf. These safeguards exist to protect the property of persons such as Plaintiff. Applicants must obtain all environmental, structural, or other permits required by law, code, or regulation through the applicable agencies. *Id.* After applying, a Chelan County Public Works inspector must inspect the location. *Id.* And once the applicant has completed the work, they must request a final inspection. *Id.*

Chelan County Defendants reviewed the Bowens' application according to the required county procedures. *See* ECF Nos. 21–23. Plaintiff admits in her complaint that Defendants took an engineering report, even if it did not satisfy her uncertainties. ECF No. 4 at 8. As the Court has previously acknowledged, this process does not allow Chelan County Public Works to hear Plaintiff's concerns, since she is not the applicant, but it provides protection against property damage

ORDER GRANTING SUMMARY JUDGMENT – 10

and safety and ecological issues like the ones Plaintiff fears. The permitting process appears to offer meaningful consideration of the Bowens' planned project and its impact. And as Plaintiff points out, existing case law could entitle her to monetary recovery if the project *does* result in damage. *See, e.g.*, *Burton v. Douglas Cnty.*, 539 P.2d 97 (Wash. App. 1975).

Finally, as the Court has previously noted, Chelan County Public Works has an interest in the efficient resolution of permitting requests. While it must ensure that the permits it grants are safe and consistent, it also cannot consider every neighborly dispute when granting permits. Overall, the Court concludes that Plaintiff is cannot prevail on a due process claim under this asserted property right.

**B.     Lawful Nonconforming Use**

Defendants are also entitled to summary judgment on Plaintiff's nonconforming use claim. Washington State law defines nonconforming use as "a use which lawfully existed prior to the enactment of a zoning ordinance or resolution, and which is maintained after the effective date of the ordinance or resolution, although it does not comply with the use restrictions applicable to the area in which it is situated." *Andrew v. King Cnty.*, 586 P.2d 509, 513 (Wash. App. 1978).

//

//

ORDER GRANTING SUMMARY JUDGMENT – 11

"Nonconforming uses are not favored in law." *Andrew*, 586 P.2d at 570 (citing *Keller v. Bellingham*, 578 P.2d 881, 886 (Wash. App. 1978)). The use must lawfully exist at the date specified in the zoning code and the use must not be abandoned for a year or more. *Andrew*, 586 P.2d at 570–571.

But this rule does not apply here. As discussed, the road in question is a County right-of-way, not private property, or a dedication by Plaintiff. Moreover, the code in force in 1995 contemplated the use of the land as a shared driveway. *See* ECF No. 46 at 14. Plaintiff has done little to show that she was lawfully permitted to park on the access to the exclusion of all others, even in light of the purportedly then-in-effect code requiring her signature to permit the access as a "joint use driveway[]." *See* ECF No. 10-1 at 8. All that has seemingly occurred is that the County lowered the requirements for permitting the right-of-access for joint use. It is perhaps for that reason that Plaintiff's response to the instant motion has pivoted to the argument that the plat does not accurately depict where Plaintiff's land ends and the County's begins. There is no genuine issue of material fact as to Plaintiff's non-conforming use claim, and Defendants are entitled to summary judgment on this issue.

//

//

//

### C. Adverse Possession

Nor can Plaintiff prevail on a construed adverse possession claim. *See* ECF No. 96. In Washington State, lands owned in fee by a governmental entity are not subject to adverse possession. Wash. Rev. Code § 7.28.090; *see also Mueller v. Seattle*, 8 P.2d 994, 997 (Wash. 1932) (holding a public street is held by a municipality in its governmental capacity and thus unobtainable through adverse possession). Accordingly, any argument that Pine Crest Place or any portion of the road is now Plaintiff's, is meritless.

### CONCLUSION

There are no material facts in dispute regarding any of Plaintiff's pending claims, and the Court finds that no reasonable jury could find in favor of Plaintiff. Specifically, there is little to no evidence that the Chelan County Defendants improperly allowed the Bowens to work on the county right-of-way designated for public use. Nor has she provided sufficient evidence to refute that the road is in fact a county right-of-way. And even if she could provide evidence of the harm she fears, she has not sufficiently put into dispute that Defendants violated her Due Process rights.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 87**, is **GRANTED**.

2. The Clerk's office is directed to enter **JUDGMENT** in favor of each defendant.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, provide copies to all counsel, and close the file.

**DATED** this 25th day of July 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge